UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ANDRE WRIGHT,                                              :
                                                                          :
          Plaintiff,                                       :
                                                                          :
          v.                                                      :      No. 5:15-cv-05109
                                                                          :
JOHN WETZEL;                                             :
MICHAEL WENEROWICZ;[1] A.B. MATHIS;       :
MARY CANINO;                                             :
PROGRAM REVIEW COMMITTEE AT SCIG;     :
ROBIN M. LEWIS; JANE/JOHN DOES,            :
                                                                          :
          Defendants.                                   :
_____

### MEMORANDUM OPINION

**Defendants Robin M. Lewis and John Wetzel's Motion to Dismiss, ECF No. 10 - Granted**
**Defendants Mary Canino, A.B. Mathis, Program Review Committee at SCIG, and Michael Wenerowicz's Motion to Dismiss, ECF No. 13 - Granted**

**Joseph F. Leeson, Jr.**                                                            **July 7, 2016**
**United States District Judge**

        In September 2015, Plaintiff Andre Wright, a current inmate incarcerated with the Pennsylvania Department of Corrections ("DOC") at State Correctional Institution at Graterford ("Graterford"), proceeding pro se, initiated this civil rights action under 42 U.S.C. § 1983. Wright's claims arise out of an allegedly false misconduct charge filed against him in October 2013. The Complaint names as Defendants Secretary of DOC John Wetzel and DOC Chief Hearing Examiner Robin Lewis (collectively, "the Commonwealth Defendants), as well as Graterford Superintendent Michael Wenerowicz, the Graterford Program Review Committee ("PRC"), Graterford Disciplinary Hearing Examiner Mary Canino, and Graterford Correctional

_____

[1]     The docket incorrectly identifies Michael Wenereowicz and the Superintendent of the State Correctional Institution at Graterford as two separate defendants.

Officer A.B. Mathis (collectively, "the Graterford Defendants"). The Commonwealth Defendants and the Graterford Defendants have filed motions to dismiss Plaintiff's Complaint. For the following reasons, Defendants' Motions are granted.

**I.     Background**

Wright's Complaint alleges the following facts.

On October 4, 2013, Wright attempted to exit D-Block to attend religious services. Compl. ¶ 11, ECF No. 1. As he went to turn the handle on the door to exit the block, Correctional Officer A.B. Mathis snatched the door closed and locked it. *Id.* ¶¶ 12-13. That same day, Mathis prepared a Misconduct Report, accusing Wright of entering into a tug of war with her over the door and hurting her pinky finger in the process. *Id.* ¶¶ 20-21. Based on this alleged conduct, Mathis's Report charged Wright with several infractions, including assault. *Id.* Wright alleges that prior to this incident, he and Mathis had "a long list of problems," and that she

> was fully aware of the fact that Plaintiff had filed an Application for Clemency/Commutation . . . with the Pennsylvania Pardons Board ["PPB"] and was awaiting a final decision on whether he would be afforded a public hearing and approval to be sent to the desk of the Governor for a grant and/or consideration of commutation at the time that [she] filed her bogus October 4, 2013 Misconduct Report . . . in a deliberate attempt to influence a negative ruling on Plaintiff's pending Application before the PPB.

Compl. ¶ 1.

On October 7, 2013, Hearing Examiner Mary Canino conducted a Disciplinary Hearing regarding Mathis's Misconduct Report. *Id.* ¶ 27. During the Disciplinary Hearing, Canino denied Wright the ability to call one of his two witnesses. *Id.* ¶¶ 29-30. Wright requested a review of the video footage from D-Block, which was reviewed by Hearing Examiner Canino outside of his presence, and Wright was informed that the incident was not recorded. *Id.* ¶ 32. At the conclusion of the Disciplinary Hearing, Canino found Wright guilty of the assault as alleged in

the Misconduct Report filed by Mathis. *Id.* ¶ 33. Wright was sanctioned to ninety days of disciplinary custody in the Restricted Housing Unit and loss of his prison job. *Id.*

On November 1, 2013, Wright filed an appeal of the Disciplinary Hearing decision to the Program Review Committee ("PRC"). *Id.* ¶ 35. On November 7, 2013, the PRC upheld the October 7, 2013 decision and sanctions. *Id.* ¶ 36. Wright then filed a further appeal to Superintendent Michael Wenerowicz, who upheld the decision and sanctions. *Id.* ¶¶ 37-38. Wright filed a final appeal to Chief Hearing Examiner Robin Lewis. *Id.* ¶ 39. On December 23, 2013, Chief Hearing Examiner Lewis upheld the October 7, 2013 decision and sanctions. *Id.* ¶ 40.

Based on these allegations, Wright's Complaint alleges that the Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* ¶ 51. He seeks monetary damages and removal of his misconduct charge from his prison record.

**II.     Legal Standards**

**A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction under Eleventh Amendment – Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In the Third Circuit, "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996). Therefore, "Rule 12(b)(1) serves as the proper means by which to challenge the propriety of federal jurisdiction by reason of the Eleventh Amendment." *Bradley v. West Chester U. of the Pa. St. Sys. Higher Educ.*, No. 15–2681, 2015 WL 8468563, at *2 (E.D. Pa. Dec. 9, 2015). A Rule 12(b)(1) challenge may either be made in the form of a facial challenge or a factual challenge. *Warren v. Matthey*, No. 15–1919, 2016 WL 215232, at *2 (E.D. Pa. Jan. 19,

2016). A challenge in which the Eleventh Amendment jurisdictional bar is asserted is properly identified as a facial challenge. *Sixth Angel Shepherd Rescue Inc. v. West*, 790 F. Supp. 2d 339, 349 (E.D. Pa. 2011). In considering a facial challenge to a complaint, the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).

B.     **Motion to Dismiss – Federal Rule of Civil Procedure 12(b)(6)**

In rendering a decision on a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 563 n.8).

4

For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d 224, 232 (citing *Twombly*, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678.  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555).  This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'"  *See id.*, 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)).  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "Detailed factual allegations" are not required, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," *id.* at 680 (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**III.   Analysis**

**A.   Wright's claims against the PRC and the individual Defendants in their official capacities are dismissed.**

Defendants contend that the Eleventh Amendment and the U.S. Supreme Court's holding in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), bar all claims against the PRC and the individual Defendants in their official capacities.

**i.   The PRC is not a "person" amenable to suit and is protected by Eleventh Amendment immunity.**

First, with respect to PRC, Defendants contend that the PRC is an "arm of the state" and is therefore entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "In *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), the Supreme Court extended the Eleventh Amendment's reach to suits by in-state plaintiffs, thus barring all private suits against non-consenting States in federal court." *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008). "Accordingly, it is clear that the States possess immunity from suit in the federal courts, also known as Eleventh Amendment immunity." *Id.* at 194-95. "The Pennsylvania Department of Corrections, as a state agency of the Commonwealth of Pennsylvania, is entitled to Eleventh Amendment immunity in the absence of Pennsylvania's consent to be sued." *Overly v. Woodside*, No. 3:CV-14-0163, 2015 WL 539925, at *2 (M.D. Pa.

Feb. 10, 2015). "PRCs are also arms of the state because these entities are run exclusively by and through the DOC." *Bey v. Pennsylvania Dep't of Corr.*, 98 F. Supp. 2d 650, 657 (E.D. Pa. 2000). Thus, the PRC is entitled to Eleventh Amendment immunity.

"Moreover, it is well-settled that neither a state nor its agencies are considered a 'person' as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit." *See Overly*, 2015 WL 539925, at *2. As a subdivision of the DOC, the PRC is not a person and therefore cannot be sued under § 1983. *See id.*

Accordingly, because the PRC is entitled to immunity under the Eleventh Amendment and is not a "person" under §1983, Wright's claims against the PRC are dismissed with prejudice.[2]

## ii.     The individual Defendants in their official capacities are not "persons" amenable to suit.

Defendants also contend that the individual Defendants are entitled to Eleventh Amendment immunity when sued in their official capacities, and that the individual Defendants in their official capacities are not "persons" subject to liability under § 1983.

With respect to the first argument, the Eleventh Amendment bars a party from seeking monetary damages from a state official acting in his or her official capacity absent "waiver by the State or valid congressional override." *See Kentucky v. Graham*, 473 U.S. 159, 169 (1984). Here there has been no such waiver. Accordingly, because the individual Defendants were state officials, they are entitled to Eleventh Amendment immunity with regard to Wright's damages claims against them in their official capacities.

---

[2]     The Court recognizes that leave to amend should be liberally granted "unless such an amendment would be inequitable or futile," *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008), but where a party is immune from suit under § 1983, any amendment would be futile, *see Smith v. Delaware*, 624 F. App'x 788, 791 (3d Cir. 2015).

The Eleventh Amendment does not "bar a plaintiff's ability to seek prospective relief against state officials for violations of federal law." *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002); *see Ex Parte Young*, 209 U.S. 123 (1908) (holding that the Eleventh Amendment does not bar a party from seeking prospective injunctive relief on the basis of a violation of federal law). Nonetheless, a plaintiff cannot proceed with official capacity claims for injunctive relief (or for monetary damages) against state officials because they are not "persons" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." (internal citation omitted)). Accordingly, Wright's claims against the individual Defendants in their official capacities are dismissed with prejudice. *See Smith*, 624 Fed. App'x at 791.

**B.     Wright's due process claims are dismissed.**

Defendants contend that Wright's Complaint fails to state a due process claim because the sanction of ninety days in the RHU does not implicate a due process right.

"It is well established that "[p]risoners . . . may not be deprived of life, liberty or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "However, inmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 170-71 (3d Cir. 2011). "[D]iscipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). *See also Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975) (holding that an inmate does not have a

property interest in maintaining a prison job). Accordingly, Wright's due process claims are dismissed with prejudice.[3]

C. **Wright's Eighth Amendment claims are dismissed.**

Defendants contend that to the extent that Wright alleges that the falsified misconduct report and sanction of ninety days in the RHU violated the Eighth Amendment, this claim also fails.

The Eighth Amendment imposes upon prison officials a duty to provide "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." *Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014). Wright's Complaint fails to state a claim under the Eighth Amendment, and his Eighth Amendment claims are dismissed with prejudice.[4]

D. **Wright's First Amendment retaliation claim is dismissed.**

Wright alleges Correctional Officer Mathis filed the misconduct charge against him in retaliation for his pending Application of Clemency/Commutation before the Pennsylvania Pardons Board which he filed in December 2011. Defendants contend that Wright fails to state a First Amendment retaliation claim because he has not shown a causal connection between the

---

[3] The Court finds that leave to amend would be futile. *See Edmonds v. Sobina*, 296 F. App'x 214, 217 (3d Cir. 2008) (holding that ninety days in restrictive housing does not impose an "atypical and significant hardship" to support a due process claim.)

[4] *See Thomas v. Rosemeyer*, 199 F. App'x 195, 198 (3d Cir. 2006) (determining that 270 days of disciplinary confinement did not violate the Eighth Amendment); *Booth v. Pence*, 141 F. App'x 66, 68 (3d Cir. 2005) (agreeing with the district court that the "issuance of false misconducts was not a sufficiently serious deprivation to support a claim of cruel and unusual punishment").

filing of his application for clemency and Mathis's filing of the misconduct charge. Wright responds that "[e]vidence presented through discovery will establish that through conversations with Plaintiff . . . Mathis was aware of Plaintiff's . . . commutation filing and his awaiting a ruling," and that "their interaction and staff-inmate relationship fell sour just prior to her October 4, 2013 bogus misconduct" charge. Pl.'s Resp. Graterford Defs.' Mot. 12, ECF No. 17.

To establish a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). To establish a causal connection between the exercise of the protected activity and the adverse action, a plaintiff usually must prove either:

> (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). A defendant may defeat a retaliation claim by showing that he or she would have taken the same action even if the plaintiff had not engaged in the protected activity. *Id.* at 267.

*Whitney v. Wetzel*, No. 15-3080, 2016 WL 2620806, at *2 (3d Cir. May 9, 2016).

Because many prisoners allege retaliation "when confronted with disciplinary action, district courts must view prisoners' retaliations claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner." *Sims v. Dragovich*, No. CIV. A. 95-CV-6753, 1999 WL 371621, at *3 (E.D. Pa. June 8, 1999). "Once the initial showing is made by the prisoner, the burden then shifts to the prison official to prove that the same decision would have been made absent the protected conduct for reasons reasonably related

to a legitimate penological interest." *DeFranco v. Wolfe*, 387 Fed. App'x 147, 154-55 (3d Cir. 2010).

The misconduct report, the disciplinary hearing report, and other related documents attached to the instant Complaint[5] establish that there was a legitimate penological basis for Wright's misconduct charge based on "some evidence." *See Speight v. Minor*, 245 Fed. App'x 213, 217 (3d Cir. 2007) (determining that "the disciplinary hearing record, specifically the charging officer's report, although meager, constitutes some evidence supporting the DHO's decision"); *Verbanik v. Harlow*, No. CIV.A. 09-448, 2012 WL 4378198, at *5 (W.D. Pa. Sept. 25, 2012) (concluding that "a finding of guilt as to the Misconduct charge conclusively establishes that Defendants would have taken the same action for legitimate penological reasons regardless of any protected activity engaged in by Plaintiff"). Consequently, even assuming *arguendo* that Wright has made a prima facie case of retaliation, the First Amendment claim is dismissed with prejudice.[6]

## IV.     Conclusion

Because amendment would be futile, the Complaint is dismissed with prejudice. A separate order follows.

---

[5]     *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (explaining that a district court may consider exhibits attached to the complaint and matters of public record when deciding a motion to dismiss (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 299 (2d ed. 1990)).

[6]     *Anderson v. Folino*, No. 10-937, 2011 U.S. Dist. LEXIS 105785, at *42 (W.D. Pa. Aug. 22, 2011) (determining that leave to amend the retaliation claim would be futile because the Plaintiff's "convictions, based on 'some evidence[]' demonstrates Defendants' legitimate penological interest in bringing the charges before a hearing examiner").

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge